# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

BENJAMIN JACKSON KNIGHT,
        Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
PH-3443-14-0849-I-1

DATE: May 15, 2015

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin Jackson Knight</u>, Dunbarton, New Hampshire, pro se.

<u>Hayden Wallace</u>, Manchester, New Hampshire, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging his treatment following military service. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant is an Auditor with the agency's Veterans Health Administration. Initial Appeal File (IAF), Tab 1 at 1.[2] In August 2014, he filed a Board appeal alleging that the agency failed to provide him with a performance appraisal and award while he was on military leave in October 2011. *Id.* at 3, 5. With his appeal form, the appellant submitted a Certificate of Release or Discharge from Active Duty (Form DD-214), which indicated that he performed active duty military service with the Air Force Reserve between April 4, 2011, and January 4, 2012.[3] *Id.* at 28. The appellant also submitted a draft memorandum that a Human Resources Specialist prepared for his former supervisor's signature, which stated that she was unable to complete his performance appraisal for fiscal year (FY) 2011, because he was on military leave at the end of the fiscal year. *Id.* at 10, 12; *see* IAF, Tab 4 at 18 (indicating that the appellant's supervisor changed positions). The memorandum stated that the appellant's former supervisor had expected to give him an outstanding rating and requested that Human Resources issue him an $800 performance award. IAF, Tab 1 at 12.

¶3 The agency moved to dismiss the appeal, arguing that the appellant failed to raise a nonfrivolous allegation that he was subject to an action appealable to the Board, and that his appeal was untimely. IAF, Tab 5 at 4-7. Alternatively, the agency argued that it could not provide the appellant with a performance

[2] Prior to a promotion in August 2011, the appellant was an Accounting Technician with the agency. IAF, Tab 1 at 12, Tab 4 at 49.

[3] The appellant also submitted a second Form DD-214, which indicated that he performed additional active duty military service with the Air Force Reserve between January 9, 2012, and April 29, 2012. IAF, Tab 1 at 29. However, the appellant did not allege that the agency failed to provide him with a performance appraisal or award for work performed during that time period. *See id.* at 5 (the appellant's allegations).

appraisal for FY 2011, because 5 C.F.R. § 430.208(a) prohibits agencies from issuing a performance rating based on an "assumed level of performance." *Id.* at 7. In addition, the agency submitted evidence indicating that the appellant's former supervisor never signed the draft memorandum requesting his performance award due to a dispute regarding which supervisor should have been responsible for evaluating his performance during the time period at issue. IAF, Tab 4 at 3-4, 15-18.

¶4 The administrative judge issued an order to show cause, which provided information regarding Board jurisdiction over adverse actions under 5 U.S.C. chapter 75 and ordered the appellant to submit evidence and argument indicating that the Board had jurisdiction over his appeal. IAF, Tab 6. The appellant did not respond to the order, and the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). In the initial decision, the administrative judge did not reference the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), but stated that the appellant did not allege that there was any relationship between his military leave and the agency's failure to issue his FY 2011 performance appraisal or award. ID at 1 n.1.

¶5 The appellant has filed a petition for review, in which he requests guidance regarding where to pursue his claims. Petition for Review (PFR) File, Tab 1 at 4. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred in dismissing this appeal for lack of jurisdiction because the appellant was not placed on notice of his burden to establish jurisdiction over a USERRA claim.

¶6 An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). In the present case, the appellant alleged that he was on military leave and "never received a performance appraisal

in October 2011 and award like I would normally have." IAF, Tab 1 at 5. He also submitted the draft memorandum stating that his former supervisor was unable to complete his performance appraisal because he was on military leave and requesting authority to issue him an award for his performance. *Id.* at 12. Two types of cases arise under USERRA: (1) reemployment cases, in which the appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) so-called "discrimination" cases, in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. § 4311(a) or (b). *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005). We construe the appellant's allegation and submissions as a claim that the agency either discriminated against him based upon his military obligations or denied him reemployment rights and benefits after a period of absence due to military service, in violation of USERRA. *See* 38 U.S.C. §§ 4311(a), 4312(a).

¶7      While the appellant did not explicitly reference USERRA in his pleadings, both the U.S. Court of Appeals for the Federal Circuit and the Board have found that an appellant need not do so, where, as here, his allegations should have placed the administrative judge on notice that he was attempting to raise a USERRA claim.[4] *See Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998) (an appellant established jurisdiction over her USERRA discrimination claim, although she did not reference USERRA in her Board appeal); *see also Hammond v. Department of Veterans Affairs*, 98 M.S.P.R. 359, ¶¶ 9-10 (2005) (although an appellant did not specifically identify USERRA as the basis for his claim, the administrative judge erred in failing to consider his allegations as a USERRA discrimination claim).

---

[4] Moreover, although the appellant did not identify USERRA as a basis for jurisdiction in his filings before the Board, the agency submitted an email that the appellant sent to the Human Resources Specialist inquiring whether she felt his rights under USERRA had been violated. IAF, Tab 4 at 21.

¶8    Neither the administrative judge nor the agency's filings placed the appellant on notice of the burdens and the elements of proof for establishing a USERRA reemployment or discrimination claim. *See* IAF, Tabs 2, 4-7. Thus, because the appellant was not placed on specific notice of what he needed to show or allege to establish Board jurisdiction over his USERRA claim, the administrative judge erred in dismissing this appeal for lack of jurisdiction. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 5 (2005) (an administrative judge erred by dismissing a USERRA appeal without providing an appellant with *Burgess* notice).

The appellant raised nonfrivolous allegations sufficient to establish Board jurisdiction over a USERRA discrimination claim.

¶9    Although the administrative judge failed to provide the appellant with notice of what was necessary to establish an appealable jurisdictional issue, we find that the appellant nevertheless raised nonfrivolous allegations sufficient to establish Board jurisdiction over a USERRA discrimination claim. To establish Board jurisdiction over a USERRA discrimination claim, an appellant must allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. 38 U.S.C. § 4311(a); *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

¶10    It is undisputed that the appellant performed active duty military service in the Air Force Reserves, which qualifies as service in the uniformed services for purposes of USERRA. *See* IAF, Tab 1 at 28 (the Form DD-214 reflecting the appellant's active duty service), Tab 4 at 3 (the agency's admission that the appellant was on military leave); *see also* 38 U.S.C. § 4303(13), (16); *Johnson v. U.S. Postal Service*, 85 M.S.P.R. 1, ¶ 8 (1999) (for purposes of USERRA, service as a Reservist in the armed forces qualifies as service in the uniformed services).

The appellant alleged that the agency denied him a performance appraisal and award for FY 2011, and the agency does not dispute this assertion. *See* IAF, Tab 1 at 5 (the appellant's allegations), Tab 4 at 4 (the agency's statement that Human Resources never received sufficient information to process an FY 2011 performance appraisal or award for the appellant). The term "benefit of employment," is broadly defined, and includes "any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice," as well as "bonuses." 38 U.S.C. § 4303(2); *see Yates*, 145 F.3d at 1483. We find that the FY 2011 performance appraisal and award constitute benefits of employment under USERRRA. *See Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 9 (2010) (the Board's jurisdiction under USERRA extends to appeals of performance appraisal ratings).

¶11 Regarding the final jurisdictional criterion, an appellant is not required to explicitly allege that an agency discriminated against him based upon military service if he alleges facts sufficient to invoke such a claim. *Yates*, 145 F.3d at 1485; *Johnson*, 85 M.S.P.R. 1, ¶ 11. A claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous, particularly where, as here, an appellant is pro se. *See Gossage*, 118 M.S.P.R. 455, ¶ 10. We find that the appellant's allegations that he was on military leave and the agency failed to provide him with a performance award and appraisal, together with his submission of the agency's draft memorandum stating that he did not receive an appraisal because he was on military leave, are sufficient to establish Board jurisdiction over his USERRA discrimination claim.[5] *See* IAF, Tab 1 at 5, 12.

---

[5] Furthermore, the agency's argument that the appeal was untimely is inapplicable to a USERRA appeal. *See* IAF, Tab 5 at 7 (the agency's argument that the appellant's appeal was untimely). There is no time limit to file a USERRA appeal directly with the Board. *See Holmes v. Department of Justice*, 92 M.S.P.R. 377, ¶ 10 (2002).

¶12     The agency's argument that 5 C.F.R. § 430.208(a) prohibited it from issuing a performance rating based upon an "assumed level of performance" does not alter this analysis. IAF, Tab 5 at 7. The regulation prohibits agencies from issuing "a rating of record that assumes a level of performance by an employee without an actual evaluation of that employee's performance." 5 C.F.R. § 430.208(a)(2). However, the agency has not identified any law, regulation, or policy that prohibits it from issuing a performance appraisal for an employee, such as the appellant, who was only at work for a portion of the evaluation period. *See* IAF, Tab 1 at 28 (reflecting the dates of the appellant's military service), Tab 5 at 7 (the agency's argument below). Thus, to date, the agency has failed to explain why it could not issue the appellant an appraisal that evaluated his performance during the portion of FY 2011, that he was at work.[6] Indeed, the record reflects that, just as in FY 2011, the appellant was on military leave for a portion of FY 2012, and the agency provided him with a performance appraisal and award for work performed during that fiscal year. IAF, Tab 1 at 28-29 (reflecting the dates of the appellant's military service in FY 2012), Tab 5 at 35-41 (the appellant's FY 2012 performance appraisal and award).

The appellant raised allegations sufficient to establish Board jurisdiction over a USERRA reemployment claim.

¶13     Similarly, we find that the appellant raised nonfrivolous allegations sufficient to establish Board jurisdiction over a USERRA reemployment claim. A reemployment claim arises under USERRA when an employee claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following his

---

[6] On remand, the administrative judge should afford the parties an opportunity to present additional argument on this issue.

absence from civilian employment to perform uniformed service.[7] *Clavin,* 99 M.S.P.R. 619, ¶ 5.

¶14        USERRA authorizes the Director of the Office of Personnel Management (OPM) to promulgate regulations governing its application to federal agencies. 38 U.S.C. § 4331(b). OPM promulgated 5 C.F.R. § 353.106(c), which addresses restoration to duty after uniformed service and provides that "agencies have an obligation to consider employees absent on military duty for any incident or advantage of employment that they may have been entitled to had they not been absent." 5 C.F.R. § 353.106(c). It further instructs that this can be achieved by considering the following three factors:  whether the benefit is generally granted to all employees; whether the employee is being treated the same as if he had remained at work; and whether it is reasonably certain that the benefit would have accrued to the employee but for the absence. *Id.*; *see* 38 U.S.C. §§ 4303(2) (defining "benefit" for purposes of USERRA to include bonuses), 4312(a) (providing that reemployment rights include benefits); *see also Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 12 (2014).

¶15        On his appeal form, the appellant alleged that he received an outstanding rating and a performance award the year prior to FY 2011, and 2 years afterwards. IAF, Tab 1 at 5.  He also submitted a copy of his FY 2010 performance appraisal, reflecting an outstanding rating, and the draft memorandum stating that his former supervisor had expected to give him an outstanding rating for FY 2011, and requesting that Human Resources issue him a performance award. *Id.* at 12, 21-25.  We construe these allegations as a claim that, when reinstating the appellant to duty after his military service, the agency failed to consider him for an incident or advantage of employment to which he would have been entitled

---

[7] Unlike discrimination claims, an appellant's rights under USERRA's reemployment provisions do not depend on the motivation for an agency's action or inaction, and the agency bears the burden of proving that it met its statutory obligations. *Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 10 (2014).

had he not been absent.[8]  *See* 5 C.F.R. § 353.106(c).  We further find that under the Board's liberal pleading standard for USERRA claims, the allegations are sufficient to establish jurisdiction over a reemployment claim.  *See Rassenfoss*, 121 M.S.P.R. 512, ¶¶ 10-17 (evaluating the merits of an appellant's USERRA reemployment claim that an agency violated 5 C.F.R. § 353.106(c) in denying him a discretionary quality step increase).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.  On remand, the administrative judge shall inform the appellant of the different methods of proving his USERRA claims and explain the USERRA burdens of proof.[9]  The administrative judge shall afford the parties an opportunity to

---

[8] Even assuming for the sake of argument that 5 C.F.R. § 430.208(a) prohibited the agency from "assum[ing]" the appellant's level of performance for purposes of issuing a performance rating, he would nevertheless potentially be able to establish that he was reasonably certain to have received a performance award if had he not been absent on military leave.  *See Rassenfoss*, 121 M.S.P.R. 512, ¶¶ 5-8, 10-17 (remanding as a USERRA reemployment appeal an appellant's claim that he would have been reasonably certain to receive a quality step increase based upon his performance, although the agency properly designated the appellant as "Not Ratable" due to his military leave).

[9] The appellant alleged below that he did not pursue a claim with the Department of Labor (DOL).  IAF, Tab 1 at 4.  If true, his claims are now ripe, as exhaustion of a USERRA claim only is required if a complaint is filed with DOL.  38 U.S.C. § 4324(b)(1); *Graham v. Commodity Futures Trading Commission*, 105 M.S.P.R. 392, ¶ 5 (2007), *aff'd*, 348 F. App'x 564 (Fed. Cir. 2009); 5 C.F.R. § 1208.11(a)-(b).

conduct discovery and to submit evidence and argument regarding the USERRA claims.  Finally, he shall adjudicate the claims and issue a new initial decision.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.